IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CANDIS WELCH ) | CASE NO. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **COMPLAINT** |
| ) | |
| ) | |
| CITY OF OSCEOLA, IOWA, ) | |
| SERGEANT CHARLES BEEKER and ) | |
| OFFICER DEBORAH MAY, ) | |
| both individually and in their ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiff Candis Welch, and for her causes of action against Defendants City of Osceola, Iowa, Charles Beeker and Deborah May, state the following:

### INTRODUCTION

1. This is an action arising under 42 U.S.C. §§ 1983 and 1985 alleging violations of Plaintiff's constitutional and civil rights guaranteed by the Fourth and Fifth Amendments to the United States Constitution and for ancillary state law claims brought contemporaneously with the aforementioned federal civil rights causes of action.

### JURISDICTION

2. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343 and the aforementioned constitutional provision. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) with respect to her state law claims.

1

3. Venue is established in this judicial district under 28 U.S.C. section 1391(b) in that the events giving rise to this claim occurred in this district.

**PARTIES**

4. At all times material hereto, Candis Welch ("Welch") was a citizen and resident of Osceola, Clarke County, Iowa.

5. At all times material hereto, Defendant City of Osceola ("City") is and was an Iowa municipality.

6. At all times material hereto, Charles Beeker ("Beeker") was a Sergeant with the Osceola Police Department and an employee, agent or servant of the City. He is sued both individually and in his official capacity.

7. At all times material hereto, Deborah May ("May") was a duly sworn police officer with the Osceola Police Department and employee, agent or servant of the City. She is sued both individually and in her official capacity.

**FACTUAL BACKGROUND**

8. Welch began working at the Super 8 Motel in Osceola, Iowa in October 2002. In July 2003, Welch became the Manager at the Osceola Super 8.

9. On December 3, 2003, the motel's owner, Paresh Patel ("Patel") discovered that the motel's deposit drawer was short $1,934.64. Patel called the Osceola Police Department and reported the theft.

10. Defendant May was assigned the case and obtained statements from several Super 8 employees. May arranged an interview with Welch at the Osceola police station. Welch voluntarily appeared for the interview on December 30, 2003.

11. May read Welch her Miranda rights at approximately 12:39 p.m. on December 30, 2003. Welch signed a waiver of her Miranda rights and May began questioning Welch at approximately 12:40 p.m.

12. May and/or Beeker lacked probable cause that Welch was involved or committed the theft of the money from the Super 8.

13. May was accusatory during the interrogation. She falsely stated that Super 8 employees told her that Welch changed the location where she kept her purse at work and that Welch had been late on her car and house payments the previous month but was now suddenly current.

14. May falsely told Welch she has statements from employees at the Super 8 indicating that Welch committed the theft.

15. During the interrogation, Welch became emotionally distraught, cried and was visibly upset and shaken.

16. May was experiencing difficulty eliciting answers from Welch, so she asked Defendant Beeker to assist with the interrogation. May told Beeker that Welch was the primary suspect in the case.

17. Defendant Beeker applied additional pressure and coercion. Beeker told Welch: "We all know you took the money." Beeker told her he was an experienced interrogator and therefore knew when someone was lying and she had guilt all over her face. After accusing her of stealing the money, he asked Welch if she felt like she was being "railroaded." Welch replied in the affirmative.

18. Beeker told Welch that there was no doubt that she would be charged with theft. May told Welch that they would arrest her at her home and it would most likely be in front of her children.

19. Beeker also told Welch there were two people in the room who knew the truth: Welch and God. As he left the room he pointed up to the ceiling and told Welch, "Just remember."

20. May informed Welch that if she confessed to the theft, she could get off with restitution and community service and would not go to jail.

21. Welch asked May and Beeker what she had to do to go home. Beeker told her she had to write the truth. Welch did not want to be arrested at home in the presence of her children and had been told that if she confessed she would not go to jail. At the urging of May and Beeker, Welch wrote the following "confession": "I took whatever money is missing and I will pay it back as fast as I possibly can."

22. Welch handed the signed confession to May and stood up to walk out of the interrogation room. May told her that she could not leave because they were not through. Beeker told Welch they wanted more details including how she committed the crime, how much she stole and why.

23. Welch told Beeker she could not provide those details because she did not commit the crime.

24. Welch was finally allowed to leave the police station around 2:30 p.m. on December 30, 2003.

25. Defendants May and Beeker did not videotape or otherwise record the interrogation even though it was a prearranged interrogation. May and Beeker also failed to log when the interrogation started and concluded.

26. Despite the lack of probable cause and the obviously coerced and involuntary nature of Welch's "confession," May swore out a Complaint and Affidavit before a magistrate judge in Clarke County requesting that Welch be arrested for Theft in the Second Degree; a Class D felony.

27. On February 11, 2004 the Clerk of the District Court for Clarke County issue a Summons notifying Welch that she had been charged with Theft in the Second Degree.

28. On February 23, 2004, Welch filed an affidavit stating that her written confession was coerced.

29. On April 19.2004 Welch filed a Motion to Suppress the involuntarily obtained confession.

30. An evidentiary hearing was held on the Motion to Suppress on May 13, 2004. On May 25, 2004 the Honorable Paul R. Huscher of the Fifth Judicial District of Iowa issued a Ruling on Motion to Suppress which held that Welch's statement was not given voluntarily and was therefore suppressed from use at trial.

31. The criminal charges against Welch were dismissed on June 3, 2004.

## COUNT I

## FALSE ARREST/FALSE IMPRISONMENT

COMES NOW the Plaintiff Candis Welch and for her cause of action against Defendants City of Osceola, Charles Beeker and Deborah May states as follows:

32. Plaintiff Welch repleads and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendants May and Beeker detained Welch against her will and unlawfully coerced her into confessing to a crime she did not commit.

34. The actions of Defendants May and Beeker caused Welch's freedom to be restricted.

35. Defendants Beeker and May lacked reasonable grounds or probable cause to arrest and/or detain Welch and consequently the arrest and/or detention was unlawful.

36. The conduct of Beeker and May was willful and wanton and in reckless disregard of the rights of Welch.

37. Beeker and May did not act in good faith in detaining Welch.

38. At all times material hereto, Defendants May and Beeker acted in the course and scope of their employment with the City. The City is liable for their conduct under the doctrine of respondeat superior.

39. As a proximate result of the Defendants' acts and omissions, Welch has been deprived of her civil rights, suffered humiliation, embarrassment and mental and emotional distress; has incurred expenses in defending baseless criminal charges brought against her; has incurred lost income and other emoluments of employment and has sustained injury and damage to her business, reputation and livelihood and been exposed to public contempt and ridicule entitling her to compensatory and punitive damages.

WHEREFORE, Plaintiff Welch requests judgment against Defendants, and each of them, in an amount which will fully and fairly compensate her for her injuries and damages, for

punitive damages against Defendants May and Beeker in an amount sufficient to punish the Defendants and deter others and for such other and further relief as is just in the premises.

## COUNT II

## ABUSE OF PROCESS

COMES NOW the Plaintiff Candis Welch and for her cause of action against Defendants City of Osceola, and Deborah May states as follows:

40. Plaintiff repleads and realleges paragraphs 1 through 31 of this Complaint as if fully setforth herein.

41. A legal process was involved in this matter. Defendant May utilized a legal process to charge Welch with a crime.

42. Defendant May unlawfully utilized the legal process to file criminal charges against Welch knowing that Welch's confession was coerced and involuntary and that no probable caused existed.

43. The charges brought and the resulting prosecution were without sufficient probable cause to accuse Welch of a crime, and were brought willfully and wantonly, with malice on the part of the Defendant, and in reckless disregard of the rights of Plaintiff.

44. At all times material hereto, Defendant May acted in the course and scope of her employment with the City. The City is liable for their conduct under the doctrine of respondeat superior.

45. As a proximate result of the actions of Defendants' acts and omissions, Welch has been deprived of her civil rights, suffered humiliation, embarrassment and mental and emotional distress; has incurred expenses in defending the baseless criminal charges, has incurred lost income and other emoluments of employment and has sustained injury and damage to her

business, reputation, and livelihood and been exposed to public contempt and ridicule entitling her to compensatory and punitive damages.

WHEREFORE, Plaintiff Welch requests judgment against Defendants May and City in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages against Defendant May in an amount sufficient to punish the Defendant and deter others and for such other and further relief as is just in the premises.

### COUNT III

### VIOLATION OF 42 U.S.C. § 1983 - UNREASONABLE SEIZURE OF PERSON IN VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

46. Plaintiff Welch repleads and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

47. Plaintiff pleads this cause of action against Defendants May and Beeker in their official and individual capacities.

48. At all times material, Defendants May and Beeker acted under color of state law. Defendants May and Beeker are persons for purposes of a 42 U.S.C. § 1983 action for damages.

49. Plaintiff's constitutional rights were violated to wit: Plaintiff was held against her will and charged with a crime without the requisite existence of probable cause.

50. The detention and subsequent criminal prosecution were a violation of Plaintiff's Fourth Amendment rights to be free of unreasonable seizures and her Fourteenth Amendment Right to due process.

51. The unreasonable conduct directed toward Plaintiff was made under the color or authority of Defendants May and Beeker acting as police officers for the City of Osceola.

52.     As a proximate result of Defendants acts and omissions, Plaintiff Welch has been deprived of her civil rights, suffered humiliation, embarrassment and mental and emotional distress; has incurred expenses in defending the baseless criminal charges; has incurred lost income and other emoluments of employment, and sustained injury and damage to her business, reputation, and livelihood and been exposed to public contempt and ridicule entitling her to compensatory and punitive damages.

53.     The actions of Defendants May and Beeker were willful, wanton, unlawful and in gross disregard for the federally protected right of the plaintiff, justifying an award of punitive damages.

WHEREFORE, Plaintiff Welch prays for judgment against Defendants May and Beeker, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for attorney's fees and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983 – SELF-INCRIMINATION IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

54.     Plaintiff repleads and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

55.     Plaintiff pleads this cause of action against Defendants May and Beeker in their official and individual capacities.

56.     At all times material, Defendants May and Beeker acted under color of state law. Defendants May and Beeker are persons for purposes of a 42 U.S.C. § 1983 action for damages.

57. Plaintiff's constitutional rights were violated to wit: Plaintiff was unlawfully coerced into making incriminatory statements that caused her to be wrongfully charged with a crime she did not commit.

58. The coerced confession and subsequent criminal prosecution were a violation of Plaintiff's Fifth Amendment rights to be free of self-incrimination and her Fourteenth Amendment Right to due process.

59. The unreasonable conduct toward Plaintiff was made under the color or authority of Defendants May and Beeker acting as police officers for the City of Osceola.

60. The actions of Defendants May and Beeker were willful, wanton, unlawful and in gross disregard for the federally protected right of the plaintiff, justifying an award of punitive damages.

61. As a proximate result of the actions of Defendants May and Beeker, Plaintiff Welch has been deprived of her civil rights, suffered humiliation, embarrassment and mental and emotional distress; has incurred expenses in defending the baseless criminal charges, has incurred lost income and other emoluments of employment, and sustained damage to her business, reputation, and livelihood and been exposed to public contempt and ridicule entitling her to compensatory and punitive damages.

WHEREFORE, Plaintiff Welch prays for judgment against Defendants, May and Beeker, in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for attorney's fees and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

## COUNT V

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

62. Plaintiff Cason repleads and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

63. Defendants May and Beeker conspired to deprive Plaintiff Welch of her civil rights in violation of 42 U.S.C. § 1985(3).

64. Defendants Beeker and May acted in furtherance of the conspiracy by unlawfully detaining, charging and arresting Plaintiff Welch.

65. As a direct and proximate result of the Defendants' acts as aforesaid, Plaintiff has been damaged as aforesaid and deprived of her civil rights.

66. Defendants May and Beeker committed the aforementioned torts while acting within the course and scope of their employment and while furthering the business of Defendant City of Osceola.

67. Defendants May and Beeker are liable for the aforementioned torts.

68. Defendant City of Osceola was and is the employer of Defendants May and Beeker and therefore is liable for the acts of its agents, servants and employees under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Welch prays for judgment against Defendants City of Osceola, and Officers May and Beeker, in an amount which will fully and fairly compensate her for her injuries and damages, for attorneys' fees, for interest and costs as allowed by law and for such other relief as the Court deems equitable in the premises.

/s/ Thomas J. Duff_____

>THOMAS J. DUFF
>DUFF LAW FIRM, P.L.C.
>319 Seventh Street, Suite 600
>Des Moines, Iowa 50309
>Telephone:  (515) 283-1111
>Fax:  (515) 282-0477
>Email:  tom@tdufflaw.com
>ATTORNEY FOR PLAINTIFF

Original filed.

## CERTIFICATE OF SERVICE

I hereby certify that on **March 14, 2005**, I electronically filed the foregoing with the Clerk of Court using the ECF system.

>/s/ Thomas J. Duff_____
>THOMAS J. DUFF
>DUFF LAW FIRM, P.L.C.
>319 Seventh Street, Suite 600
>Des Moines, Iowa 50309
>Telephone:  (515) 283-1111
>Fax:  (515) 282-0477
>Email:  tom@tdufflaw.com
>ATTORNEY FOR PLAINTIFF